## Hibbard, Admr., *vs.* Kent & a.

Where all the parties beneficially interested in the estate of a deceased person, being of age and capable, have adjusted and settled the matter, without mistake or fraud, each taking his agreed share and giving the others a discharge, and all the demands against the estate are settled, an administrator subsequently appointed, even if he is not an heir, cannot be allowed to defeat the arrangement and maintain trover against the parties for the property so received by . them.

If the administrator claim a right to proceed against others in the right of a party defrauded in the settlement, the proper course is for such party first to deliver over the portion received under the settlement to the administrator.

TROVER, for divers articles of personal property and notes of hand.

John Kent, the plaintiff's intestate, died July 4, 1842, duly possessed of the property and notes mentioned in the declaration. July 14th, 1842, the widow signed an agreement, by which she relinquished to the heirs all her right and title to the estate, by their paying and delivering to her one sixth part of all her late husband's property, after paying all the just debts, and she agreed to receive the same in full satisfaction, provided that it should be paid within six months from that date. On the next day the defendants, (who are the heirs of John Kent,) and the widow, took the property of the deceased and divided it equally among themselves; the defendants received all that is mentioned in the plaintiff's declaration, and each appropriated his own share to his own use, taking from all the others a bill of sale of the share so received.

It is agreed, for the purposes of this case, that the debts due from the intestate were all paid by the heirs before the division was made, and the amount so paid allowed them on the division.

The plaintiff has since been *appointed* administrator, on the petition of the widow, and has demanded the property named in the declaration, which they have refused to deliver.

The plaintiff alleged that upon these facts he is entitled to recover, and that the distribution is no bar to his recovery. He also alleged that the distribution was made fraudulently; that the widow's assent was obtained by misrepresentation, imposition, and

undue advantage, and that she was not bound thereby.  All of which the defendant denied.

Upon these facts it was agreed that if this court should be of opinion that the plaintiff could not recover without showing the agreement and division to be fraudulent and the assent of the widow to have been unduly obtained, and that upon the proof of such facts he might recover, then the cause should stand for trial. If he could not recover upon either ground, judgment was to be rendered for the defendants.  If he could not recover against all the defendants, then such judgment was to be rendered as the court should order.

The defendant alleged that neither the widow nor the plaintiff has ever returned to the defendants the property or the bill of sale which she took as aforesaid.  The plaintiff denied this ; and if the court consider the fact material, the cause was to stand for trial.

*Hibbard*, for the plaintiff.   Upon the death of the deceased the property was in abeyance until the appointment of an administrator ; when that appointment was made the property vested in him as from the date of the death.   2 *Black. Com.* 490, 494, 496 ; 2 *Stark. Ev.* 316, *note a.*   The settlement might, perhaps, be well enough, if without fraud, against any one but an administrator.   But the appointment of an administrator has settled the question as to the necessity of administration, and when appointed his authority goes back.   3 *Mass.* 514, 518 ; 12 *Mass.* 309 ; 23 *Pick.* 128.   Heirs have no right to interfere with property except to preserve it.

*Goodall* and *Morrison,* for the defendants.  A release of an expectancy by heirs, with the consent of their ancestor, is good.  3 *Met.* 121.   It would be strange, indeed, if they may release before his death and cannot after.  5 *N. H. Rep.* 337, *Giles* vs. *Churchill ;* 12 *Pick.* 178 ; 15 *Pick.* 511.   After the death of this intestate the widow and children were the beneficial owners of his property, subject to the payment of his debts ; and the administrator is merely a trustee for those entitled.  3 *Burr.* 1369 ;

13 *Mass.* 74. If this disposition is obligatory among and on them, it is so on the administrator acting on their behalf.

There are exceptions to the general rule that the title of an administrator relates back to the time of the death. 2 *Met.* 117; 2 *Hill.* 225; 1 *P. Wms.* 125; 8 *N. H. Rep.* 98, *Kittredge* vs. *Folsom.* And this case ought to be another. 9 *Mass.* 77. Perhaps there may be a distinction between the English law and our own. 5 *D. & E.* 690; 7 *B. & C.* 542.

The law has been laid down by the other side as if this settlement had been made after the appointment of the administrator. It was not so. The plaintiff, too, has alleged a joint conversion, and must prove it as alleged. Each defendant claims to hold only his own share. 2 *Hill.* 181. And if they had a right to retain until the appointment of an administrator, there could be no conversion until after a demand.

Supposing the widow had been defrauded, it will make no difference. If she was, she has her remedy; but as yet the agreement and the distribution are in full force. And even fraud would do no more than to give the widow a right to rescind. She has not taken that step, and cannot without returning the share of the property which she took.

*Wilcox,* in reply. If the defendants are right, the decree of the judge appointing the plaintiff administrator is a mere nullity. 4 *Paige Ch. Rep.* 51; 7 *Wend.* 354; 13 *Wend.* 453; 19 *Wend.* 306. The whole doctrine of these cases is that no property vests in the next of kin without the intervention of an administrator. They cannot maintain a suit in equity except through him or with him. How then can they defend against the rightful administrator?

An executor *de son tort* cannot derive any advantage from his own wrongful act; payment of debts is no answer to an action; he cannot retain for his own debt. *Toller on Ex'ors* 365, 366; 1 *Chitty's Gen. Pr.* 535; 3 *D. & E.* 587; 5 *Co. Rep.* 30. Much less can he retain for his distributive share.

The case finds that the defendants took the property and divided it. That taking is a conversion. 5 *Cow.* 323; 7 *Johns.* 254; 6 *East* 540. The agreement cannot control this, for fraud vitiates and annuls every contract.

Hibbard *v.* Kent.

PARKER, C. J.    If all the parties beneficially interested in the estate adjusted and settled their interests in it, without mistake or fraud, the settlement is binding, and none of them, by procuring administration, can be permitted to defeat it.    5 *N. H. Rep.* 337, *Giles* vs. *Churchill.*    In this case the administration has been committed to one who is not an heir; but, if the demands against the estate are all settled, the administrator represents those only who have united in the settlement, and he should be bound by their acts.    If all those interested in an estate, being of age and capable, will undertake its settlement without administration for that purpose, each receiving a share and giving a discharge, it would be very mischievous if any one might afterwards of his mere pleasure, defeat what has thus been done.

In *Kittredge* vs. *Betton,* [14 *N. H. Rep.* 401,] we held that if there was a mistake in the settlement, the guardian not having fully accounted with the ward by reason of the mistake, he was bound by his bond to account in the probate court.    There is a difference between the two cases, there being here no bond, the terms of which require any proceedings in the probate court. Whether mistake would avoid the whole settlement, or whether it would furnish ground for a proceeding in chancery to correct the mistake merely, we do not consider.    No mistake has been alleged here unless there was fraud.

If fraud exists, the party defrauded may avoid all that has been done, and the administrator will be entitled to administer upon the estate, perhaps, as if no settlement had been made.    In such case the proper course would be for the party defrauded first to deliver the property received to the administrator.

We do not think it expedient at this time to inquire whether there may be a joint or several liability of the defendants.    That may depend upon facts which are not before us.    It is sufficient that, on the case as stated, the action must stand for trial.